NFN SUMIATI; Tat Siong Parma; Yvonne Cynthia Parma; Wenny Parma; Irene Cynthia Parma; Kevin Iden Parma, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73935.

United States Court of Appeals, Ninth Circuit.

Argued May 12, 2005.

Resubmitted May 8, 2007.

Filed May 21, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-na Niguel, CA, Mary Jane Candaux, Esq., Mary Jane Candaux, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioners Sumiati, her husband, and their four children, who are citizens of Indonesia, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the BIA summarily affirmed the decision of an immigration judge ("IJ"), we review for substantial evidence the IJ's decision. *Li v. Ashcroft,* 378 F.3d 959, 961–62 (9th Cir.2004). We deny the petition for review.

1. To be eligible for asylum, Petitioners must demonstrate that they are unwilling to return to Indonesia "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at 961 (internal quotation marks omitted). For a petitioner's fear to be well-founded, the fear of persecution "must be both subjectively genuine and objectively reasonable." *Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir.2006) (internal quotation marks omitted).

Substantial evidence supports the IJ's determination that Petitioners did

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not establish past persecution. The discrimination and harassment described by Petitioners was not "substantially more grievous in kind or degree than the general manifestation of hostility between ... competing ethnic and religious groups." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998). Substantial evidence also supports the IJ's determination that Petitioners' fear of future prosecution was not objectively reasonable. Petitioners have "provided nothing that suggests that [their] fears are distinct from those felt by all other ethnic Chinese Christians in Indonesia. Nor [have they] shown that all ethnic Chinese Christians in Indonesia have, based on the circumstances there, a well-founded fear of persecution." *Lolong v. Gonzales*, 484 F.3d 1173 (9th Cir.2007) (en banc).

2. Because Petitioners fail to demonstrate that they are eligible for asylum, they necessarily fail to satisfy the more stringent burden of proof required to qualify for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

3. Petitioners argue that they will be persecuted if removed to Indonesia, but they do not allege, much less demonstrate, that they would be subject to torture upon removal. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir.2007) ("Relief under the CAT ... requires a showing 'that it is more likely than not that [the applicant] would be tortured if removed to the proposed country of removal.'" (alteration in original) (quoting 8 C.F.R. § 208.16(c)(2))).

PETITION DENIED.